MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley (Bar No. 168181)
eric.meckley@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000

Jeremy P. Blumenfeld (pro hac vice)
jeremy.blumenfeld@morganlewis.com
Brian W. Sullivan (pro hac vice)
brian.sullivan@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5000

MORGAN, LEWIS & BOCKIUS LLP
Christopher Boran (pro hac vice)
christopher.boran@morganlewis.com
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Tel: +1.312.324.1000

Abbey M. Glenn (Bar No. 267751)
abbey.glenn@morganlewis.com
1111 Pennsylvania Ave, NW
Washington, DC 20004-2541
Tel: +1.202.739.3000

*Attorneys for Defendants*
ELON MUSK; X CORP.; TWITTER, INC.
CHANGE OF CONTROL AND
INVOLUNTARY TERMINATION
PROTECTION POLICY; LINDSAY
CHAPMAN; BRIAN BJELDE; AND
DHRUV BATURA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ROBERT KAIDEN,<br><br>                    Plaintiff,<br><br>         vs.<br><br>ELON MUSK; X CORP., f/k/a/ TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA,<br><br>                    Defendants. | Case 3:24-cv-03554-MMC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR SEVERANCE BENEFITS, EQUITABLE RELIEF, AND STATUTORY PENALTIES (ERISA)**<br><br>Complaint Filed:   June 12, 2024 |

Defendants Elon Musk, X Corp., the Twitter, Inc. Change of Control and Involuntary Termination Protection Policy, Lindsay Chapman, Brian Bjelde, and Dhruv Batura (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the allegations in the Complaint for Severance Benefits, Equitable Relief, and Statutory Penalties (ERISA) ("Complaint") filed by Plaintiff Robert Kaiden ("Plaintiff"), and assert their defenses as follows.

All admissions made in Defendants' Answer to Plaintiff's Complaint are made as of the date of this filing, unless otherwise stated. Defendants reserve the right to amend and/or supplement their Answer and Defenses.

**GENERAL DENIAL**

Defendants deny each and every allegation of the Complaint not specifically admitted herein.

**ANSWERS TO PLAINTIFF'S SPECIFIC ALLEGATIONS:**

Subject to their Defenses, Defendants plead as follows to the specific allegations contained in the numbered paragraphs of the Complaint.[1]

**INTRODUCTION**

1. Defendants admit that Plaintiff was the former Chief Accounting Officer at Twitter. Defendants deny the remaining allegations in Paragraph 1.

2. Defendants deny the allegations in Paragraph 2 and its footnote.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants admit Plaintiff purports to bring claims under Sections 502(a)(1)(B) and (c) of ERISA. Defendants deny any remaining allegations in Paragraph 4.

**PARTIES**

5. Upon information and belief, Defendants admit that, during his employment with Twitter, Plaintiff resided in Walnut Creek, California. Defendants lack knowledge or information

---

[1] Defendants do not understand the headers or sub-headers in the Complaint to assert any substantive allegations. Defendants therefore do not respond individually to the headers or sub-headers. Defendants restate the headers and sub-headers for ease of reading and organization only. To the extent the headers or sub-headers are construed to assert any allegations, Defendants deny those allegations.

sufficient to form a belief as to Plaintiff's current residence and therefore deny the allegations in the fourth sentence of Paragraph 5. Defendants further admit that Plaintiff was formerly employed at Twitter in the role of Chief Accounting Officer and worked at Twitter's location in San Francisco. The fifth sentence in Paragraph 5 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit Plaintiff was a participant in the Plan. Defendants deny the remaining allegations in Paragraph 5.

6. Defendants admit that Musk is the owner, sole member of the Board of Directors, Chief Technology Officer, and Executive Chairman of X Corp., the successor-in-interest to Twitter, Inc., and that he served as CEO from the establishment of X Corp. until June 4, 2023. Defendants deny the remaining allegations in Paragraph 6.

7. Defendants admit that X Corp. is incorporated in Nevada and maintains its corporate headquarters in San Francisco, California. Defendants further admit that X Corp. is the current Plan sponsor and covers the cost of the Plan and Plan benefits. Defendants deny the remaining allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 9 and therefore deny those allegations. Defendants admit that a small number of individuals employed at X Corp. are friends or family members of Musk and that certain investors provide services to X Corp. Defendants deny the remaining allegations in Paragraph 9.

10. Defendants admit that a small number of employees of other entities affiliated with Musk have assisted with X Corp. business from time to time. The fourth sentence of Paragraph 18 purports to characterize an unspecified court document, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of the document. Defendants deny the remaining allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Paragraph 12 asserts legal conclusions and purports to characterize the Plan, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants

admit that the Plan is an employee welfare benefit plan under ERISA, and that it is also a "top hat" plan under ERISA. Defendants deny any characterization contrary to the Plan and deny the remaining allegations in Paragraph 12.

13. Defendants admit that Lindsey Chapman is Senior Director, Human Resources at SpaceX, was delegated the authority to serve as the Administrator of the Plan, as defined by the Plan, and as the Plan's Administrator, determined Plaintiff's administrative claim for benefits under the Plan. Defendants further admit that Ms. Chapman, Brian Bjelde, and Dhruv Batura were members of the Twitter Severance Administration Committee ("Committee") when the Committee determined Plaintiff's appeal of the denial of his claim for benefits. Defendants further admit that Brian Bjelde is employed at SpaceX as Vice President of Human Resources. Defendants further admit that Dhruv Batura is employed at X Corp. and previously worked at Tesla. Defendants deny the remaining allegations in Paragraph 13.

## JURISDICTION , VENUE, AND DIVISIONAL ASSIGNMENT

14. Paragraph 14 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring his claims under ERISA and further admit that this Court has subject-matter jurisdiction over this action based on their current understanding of Plaintiff's claims. Defendants deny the remaining allegations in Paragraph 14.

15. Paragraph 15 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this District. Defendants deny the remaining allegations in Paragraph 15.

16. Paragraph 16 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff alleges that a substantial part of the events giving rise to his claims occurred in San Francisco County. Defendants deny the remaining allegations in Paragraph 16.

## FACTUAL BACKGROUND

**A.** **Mr. Kaiden's Successful Performance at Twitter.**

17. Defendants admit that Plaintiff was hired effective May 31, 2015, into the role of

Chief Accounting Officer at Twitter, and that his employment ended in November 2022. Defendants deny the remaining allegations in Paragraph 17.

18. The second sentence of Paragraph 18 purports to characterize a written performance evaluation, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the written document. Defendants deny the remaining allegations in Paragraph 18.

19. Defendants admit that Ned Segal, former Twitter Chief Financial Officer, was Plaintiff's manager from August 25, 2017, through October 27, 2022. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore deny those allegations.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore deny those allegations.

**B.      Elon Musk Created Massive Uncertainty During his Chaotic Takeover of Twitter.**

21. Defendants admit that Musk purchased shares of Twitter common stock on January 31, 2022, and that he owned 9.1% of Twitter's shares of common stock as of April 4, 2022. Defendants deny the remaining allegations in Paragraph 21.

22. Defendants admit that on April 9, 2022, Musk rejected an offer to join Twitter's Board of Directors, and instead notified Twitter's CEO, Parag Agrawal, of his intent to submit an offer to acquire Twitter. Defendants also admit that on April 13, 2022, Musk sent Twitter's Board of Directors an offer to purchase all outstanding shares of the company for $54.20 per share—a total acquisition price of $44 billion. Defendants admit that the offer reflected a premium over Twitter's share price. Defendants admit that the Merger Agreement was executed on April 25, 2022. Defendants deny the remaining allegations in Paragraph 22.

23. The second sentence of Paragraph 23 purports to characterize and quote selected excerpts of a tweet, which speaks for itself; thus, no response is required. Defendants admit that on July 8, 2022, through correspondence, Twitter was advised that Musk was terminating the Merger Agreement. Defendants deny any characterization contrary to the tweet and deny the remaining

allegations in Paragraph 23.

24. Defendants admit that Twitter sued Musk to enforce the Merger Agreement. Defendants further admit that on October 3, 2022, X Holdings I, Inc. and X Holdings II, Inc. (collectively, "Buyer") notified Twitter that Buyer intended to proceed to closing as contemplated in the Merger Agreement. Defendants further admit that the litigation was stayed on October 6, 2022, and that Musk was not deposed. Defendants also admit that the transaction closed on October 27, 2022. Defendants deny the remaining allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25. To the extent Paragraph 25 purports to characterize articles, written communications and tweets, those documents speak for themselves; thus no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of the documents and deny the remaining allegations in Paragraph 25.

### C. Musk Terminated Mr. Kaiden And Claimed It Was For Cause.

26. Paragraph 26 purports to characterize a written letter, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants admit that the letter informed Plaintiff that he was being terminated for cause but deny the remaining allegations in Paragraph 26. Defendants deny any characterization contrary to the letter and deny the remaining allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

### D. Musk's Employees Denied Mr. Kaiden's Claim for Benefits and Appeal.

#### 1. Musk Employee Lindsay Chapman Denied Mr. Kaiden's Claim for Benefits.

28. Defendants admit that Plaintiff submitted a letter dated January 5, 2023. Paragraph 28 purports to characterize that letter, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter and deny that Plaintiff is entitled to benefits under the Plan, as well as the remaining allegations in Paragraph 28.

29. Paragraph 29 purports to characterize a letter, which speaks for itself; thus, no

response is required. To the extent a response is required, Defendants admit that in the role of Plan Administrator, Ms. Chapman sent a letter dated July 7, 2023, denying Plaintiff's claim for benefits under the Plan. Defendants deny any characterization contrary to the letter and deny the remaining allegations in Paragraph 29.

30. Paragraph 30 purports to characterize a letter, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter and deny the remaining allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31. Further, Paragraph 31 purports to characterize a letter and the Plan, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter or the Plan and deny the remaining allegations in Paragraph 31.

## 2. Mr. Kaiden Timely Appealed the Improper Denial of His Claim.

32. Paragraph 32 purports to characterize a letter and attached exhibits, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants admit that Plaintiff submitted a letter to the Twitter Severance Administration Committee dated October 4, 2023, which included attached exhibits. Defendants deny any characterization contrary to the letter and its exhibits, deny the accuracy of the contents of the letter and its exhibits, and deny the remaining allegations in Paragraph 32.

33. Paragraph 33 purports to characterize a written performance review, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the written performance review and deny the remaining allegations in Paragraph 33.

34. Paragraph 34 purports to characterize a letter, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter and deny the remaining allegations in Paragraph 34.

## 3. Musk's Employees Purporting to Act as the Severance Administration Committee Denied Mr. Kaiden's Appeal.

35. Defendants admit that the Committee denied Plaintiff's appeal by letter dated

February 1, 2024. Defendants further admit that Ms. Chapman, Mr. Bjelde, and Mr. Batura served as members of the Committee at the time when the Committee determined Plaintiff's appeal of the denial of his claim for benefits. Defendants deny the remaining allegations in Paragraph 35.

36. Paragraph 36 purports to characterize a letter, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter and deny the remaining allegations in Paragraph 36.

37. Paragraph 37 purports to characterize a letter and written declaration, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter and written declaration and deny the remaining allegations in Paragraph 37.

## LEGAL CLAIMS

## FIRST CAUSE OF ACTION

**(ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B))**

**(Claim for Benefits)**

**(Against All Defendants)**

38. Defendants incorporate their responses to Paragraphs 1 through 37 as if fully set forth herein.

39. Paragraph 39 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that 29 U.S.C. § 1132(a)(1)(B) generally permits a plan participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Defendants deny the remaining allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

## SECOND CAUSE OF ACTION

### (ERISA § 502(c), 29 U.S.C. § 1132(c))

### (Failure to Provide Required Materials)

### (Against All Defendants)

43. Defendants incorporate their responses to Paragraphs 1 through 42 as though fully set forth herein.

44. Defendants admit that via letters dated January 5, 2023, and July 13, 2023, and email dated February 7, 2023, counsel for Plaintiff requested certain categories of documents from the Plan Administrator, purportedly pursuant to 29 U.S.C. § 1024(b)(4). Defendants deny any remaining allegations in Paragraph 44.

45. Paragraph 45 asserts legal conclusions and purports to characterize a statute, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants admit that 29 U.S.C. § 1132(c) provides that in certain circumstances a plan administrator shall furnish certain requested documents within 30 days of such request. Defendants deny the remaining allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

## PRAYER FOR RELIEF

Defendants admit that Plaintiff seeks the relief identified in the Prayer for Relief. Defendants deny that Plaintiff is entitled to any type of remedy, relief, or damages whatsoever, including the relief requested in Plaintiff's Prayer for Relief, and, further, deny all remaining allegations contained within these paragraphs of the Complaint.

## DEFENDANTS' ADDITIONAL DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Defendants allege the following defenses to the Complaint. Defendants have not knowingly or intentionally waived any applicable defenses or affirmative defenses. Defendants explicitly reserve the right to assert and rely upon such other defenses to the extent that additional information becomes available. Defendants further reserve

the right to amend their Answer and/or defenses accordingly, and/or to delete defenses that they determine are not applicable, as to the extent that additional information becomes available.

WHEREFORE, Defendants assert the following defenses and pray for judgment as set forth below.

### FIRST DEFENSE

Plaintiff is not entitled to the benefits he seeks under the terms of the Plan.

### SECOND DEFENSE

Plaintiff's ERISA § 502(a)(1)(B) claim for benefits under the Plan is barred because the Plan was administered in accordance with its terms.

### THIRD DEFENSE

The Plan Administrator has discretionary authority to interpret the Plan, and it exercised its discretion in interpreting the Plan's terms fairly, reasonably, and in good faith, and its interpretation is entitled to deference.

### FOURTH DEFENSE

The decision to deny Plaintiff's claims for benefits under the Plan was legally correct, was not arbitrary and capricious, and did not result from an abuse of discretion.

### FIFTH DEFENSE

Defendants have not violated any legal duty owed to Plaintiff; therefore, Plaintiff is not entitled to recovery against Defendants.

### SIXTH DEFENSE

Elon Musk and X Corp. are not proper defendants to some of the claims asserted against them by Plaintiff.

### SEVENTH DEFENSE

Plaintiff's right to relief is barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH DEFENSE

Recovery on Plaintiff's causes of action is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence.

### NINTH DEFENSE

Because the Plan is a "top hat" plan exempt from ERISA's fiduciary duty and other relevant provisions, Plaintiff may not seek any form of relief, including equitable relief, that might otherwise be available for conduct constituting a breach of fiduciary duty.

### TENTH DEFENSE

Defendants provided to Plaintiff all of the documents required to be furnished under ERISA and related regulations, including 29 U.S.C. § 1024(b)(4) and 29 C.F.R. § 2560.503-1(m).

### ELEVENTH DEFENSE

The documents requested by Plaintiff were not limited to those to which a claim for penalties under 29 U.S.C. § 1132(c) attaches.

### TWELFTH DEFENSE

Plaintiff executed a waiver or release of claims that bars his claims.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent he failed to exhaust the administrative remedies prescribed in the Plan.

WHEREFORE, having fully answered, Defendants deny that Plaintiff is entitled to the relief requested or any other relief.

Defendants deny each and every allegation of the Complaint not heretofore specifically admitted.

WHEREFORE, Defendants pray that all of Plaintiff's claims be dismissed with prejudice; that the Court enter judgment against Plaintiff and in favor of Defendants on all causes of action; that all of Defendants' costs and fees, including attorneys' fees, be awarded to Defendants; and that the Court grant such other relief as the Court may deem just and proper.

| | |
|---|---|
| Dated:  August 26, 2024 | MORGAN, LEWIS & BOCKIUS LLP |
| | By  /s/ Chris Boran |
| | Eric Meckley |
| | Jeremy Blumenfeld |
| | Chris Boran |
| | Abbey Glenn |
| | Brian Sullivan |
| | *Attorneys for Defendants* |